IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| MARCIA DABREO and ERNEST DABREO, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 190386N |
| v. | ) ) | |
| DESCHUTES COUNTY ASSESSOR, | ) ) | **ORDER GRANTING** |
| Defendant. | ) | **DEFENDANT'S MOTION TO DISMISS** |

This matter came before the court on Defendant's answer and motion to dismiss (motion) filed January 27, 2020, requesting that Plaintiffs' Complaint be dismissed because Plaintiffs failed to appeal to the board of property tax appeals (BOPTA) before appealing to this court. A case management conference was held on March 18, 2020, during which the parties agreed to a schedule to file additional briefings on Defendant's motion. Plaintiffs filed a written response to Defendant's motion on April 22, 2020. Defendant filed a written reply to Plaintiffs' response on April 23, 2020. This matter is now ready for the court's determination.

I.     STATEMENT OF FACTS AND PARTIES' POSITIONS

Plaintiffs filed their Complaint on December 28, 2019,[1] challenging the real market value of property identified as Account 247973 (subject property) for the 2019-20 tax year. (Compl at 1.) Plaintiffs' property tax statement for 2019-20 lists the real market value as $273,000. (*Id.* at 3.) They wrote that the real market value was in error because "the average list value in [their] area [was] $250,000" and the "most recent sales average [was] $260,000." (*Id.* at 1.) On that

---

[1] Plaintiffs allege they filed on November 23, 2019, the date they signed the complaint. However, a complaint is deemed filed on the date that it was deposited in the mail as shown by a post-office cancellation mark, not the day it was signed. *See* ORS 305.418.

basis, along with the assertion that they "[had] no offers at $250,000," Plaintiffs requested a real market value of $240,000. (*Id.*)

Defendant disagreed with "the relevance of recent sales data" offered by Plaintiffs and disagreed that "the RMV of the subject property [was] $240,000" as Plaintiffs suggested. (Ans at 1.) Defendant moved to dismiss because "Plaintiffs [had] not timely appealed to the Board of Property Tax Appeals for the year being appealed in this [c]ourt." (*Id.*)

Plaintiffs received at least two documents explaining the appeals process: an informational flyer mailed with the tax statement and the tax statement itself. (Def's Ltr at 1, 3, 7, Mar 23, 2020.) Plaintiffs' tax statement from 2019-20 reads in pertinent part:

> "If you think the value of your property as shown on this statement is too high, you can appeal. Your appeal is to the county board of property tax appeals (BOPTA), except for state appraised industrial property. To appeal industrial property appraised by the Department of Revenue, you must file a complaint in the Magistrate Division of the Oregon Tax Court."

(*Id.* at 3 (emphasis omitted).) Plaintiffs also received a flyer that Defendant claims was included with every tax statement it mailed in the 2019-20 tax year. (*Id.* at 7.) The flyer explains that Plaintiffs "may appeal [their] property's value for the 2019-20 tax year with the Board of Property Tax Appeals." (*Id.*) It also states that "[a]ppeals must be filed no later than December 31, 2019," and instructs Plaintiffs to "[p]lease refer to the back of [their] tax statement for more information or call the County Clerk's Office." (*Id.*)

Plaintiffs admit they "misread the paragraph [on their tax statement] on how to file an appeal." (Ptfs' Resp at 1.) Instead of following the general instructions for appealing to BOPTA, Plaintiffs admit that they followed the instructions "that [were] intended for industrial [property appeals] purposes." (*Id.*) Plaintiffs claim it was "an honest error on [their] part" and urge the court to nevertheless consider the case. (*Id.*) Defendant maintains the error was entirely that of Plaintiffs and asks the court to dismiss the case. (Def's Resp at 1).

## II. ANALYSIS

The issue is whether Defendant's motion to dismiss should be granted because Plaintiffs failed to follow the requirements for appealing to BOPTA set forth in ORS 305.275(3).[2]

A. *Statutory Framework*

A taxpayer who is dissatisfied with the county assessor's valuation of their property may appeal. *Village at Main Street Phase II, LLC v. Dept. of Rev.*, 356 Or 164, 167, 339 P3d 428 (2014) (outlining processes for taxpayer appealing county assessor's valuation). In most cases, the taxpayer's first step is to file a petition with BOPTA. *Id.*; *see also* ORS 309.100 (authorizing taxpayers to appeal to BOPTA). A taxpayer dissatisfied with BOPTA's decision may then seek review by this court. *Village at Main Street*, 356 Or at 167; *see also* ORS 305.275(3) (authorizing an appeal from a BOPTA order). Under ORS 305.275(3), a direct appeal to the Magistrate Division is not allowed "[i]f a taxpayer may appeal to [BOPTA]."[3]

Plaintiffs' challenge to the 2019-20 real market value of the subject property was appealable to BOPTA under ORS 309.100, yet Plaintiffs appealed directly to the Magistrate Division. *See* ORS 309.026(2)(b) (authorizing BOPTA to hear petitions for reducing real market value.) Consequently, ORS 305.275(3) precludes the court from considering Plaintiffs' appeal. Even when the taxpayer fails to appeal to BOPTA and appeals directly to the court, as Plaintiffs did here, the court may consider the case under ORS 305.288. *See, e.g., Cogan v. Multnomah County Assessor*, TC-MD 130360C, 2013 WL 3948023 at *1 (Or Tax M Div Jul 29, 2013).

ORS 305.288 provides two avenues of relief. Under ORS 305.288(1), a valuation appeal

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

[3] ORS 305.275(3) states: "If a taxpayer may appeal to the board of property tax appeals under ORS 309.100, then no appeal may be allowed under this section. The appeal under this section is from an order of the board as a result of the appeal filed under ORS 309.100 or from an order of the board that certain corrections, additions to or changes in the roll be made."

may proceed if the property is a "dwelling" and the taxpayer's requested change in value is equal or greater than 20 percent of the property's real market value as shown on the assessment and tax roll. That avenue of relief does not apply here because those conditions are not met: the subject property is land only and, therefore, not considered a dwelling and Plaintiffs did not allege a 20 percent error in its real market value. As a result, the court will address the second avenue of relief provided under ORS 305.288(3).

B.      *Whether Plaintiffs Established Good and Sufficient Cause*

ORS 305.288(3) grants the court authority to review appeals when the taxpayer has no statutory right of appeal remaining and establishes good and sufficient cause for not timely pursuing an appeal with BOPTA.[4] *See, e.g., Wiley v. Multnomah County Assessor*, TC-MD 060620D, 2006 WL 2794956 at *1 (Or Tax M Div Sept 27, 2006). Good and sufficient cause is defined as "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). ORS 305.288(5)(b)(B) explicitly cautions that good and sufficient cause "[d]oes not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official * * *."

Plaintiffs' tax statement explains that an appeal, *except for* an appeal of state-appraised industrial property, must be filed with BOPTA. Plaintiffs misread the appeal instructions, following the process for industrial property rather than residential property. The court accepts that Plaintiffs made "an honest error" when they misread the appeal instructions. Unfortunately, a misreading of the instructions—even if it was an honest error—is not "an extraordinary circumstance that is beyond

---

[4] Plaintiffs' deadline to petition BOPTA was December 31, 2019. *See* ORS 309.100(2). There is no dispute that Plaintiffs missed that deadline to petition BOPTA, instead filing an appeal with this court.

the control of [Plaintiffs]." ORS 305.288(3)(5)(b)(A). Plaintiffs have neither alleged nor provided any other evidence of good and sufficient cause for failure to pursue their statutory right of appeal and, therefore, have not satisfied the requirements of ORS 305.288(3).

### III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiffs failed to establish good and sufficient cause under ORS 305.288(3) for their failure to timely appeal to BOPTA for the 2019-20 tax year. As a result, the court concludes that Defendant's motion to dismiss must be granted. Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss is granted. Plaintiffs' Complaint is dismissed.

Dated this ___day July 2020.

ALLISON R. BOOMER
PRESIDING MAGISTRATE

*This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on July 27, 2020.*